UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
|   |   |
|---|---|
|   | 12 Civ. 3430 (PAE)(JCF) |
| RONALD L. FRANKLIN, ROBERT ROBERTS, | 12 Civ. 4913 (PAE)(JCF) |
| KERVENS CELESTIN, FRED JOHNSON, EUGENE | 12 Civ. 5518 (PAE)(JCF) |
| HESTER, TORIN BOBO, LINDON BARTRUM, SIMION | 12 Civ. 6081 (PAE)(JCF) |
| ALLICOCK, CARMELO ADORNO, JERRY SANTANA, | 12 Civ. 6142 (PAE)(JCF) |
| DENNIS BREWER, JOHNNIE HARRISON, and | 12 Civ. 6199 (PAE)(JCF) |
| CHAYRMAR BROWN, | 12 Civ. 6484 (PAE)(JCF) |
|   | 12 Civ. 6533 (PAE)(JCF) |
| Plaintiffs, | 12 Civ. 6588 (PAE)(JCF) |
| -v- | 12 Civ. 6702 (PAE)(JCF) |
|   | 12 Civ. 6722 (PAE)(JCF) |
|   | 12 Civ. 6775 (PAE)(JCF) |
| CITY OF NEW YORK et al., | 12 Civ. 7855 (PAE)(JCF) |
|   |   |
| Defendants. | OPINION & ORDER |

------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

Before the Court is the March 6, 2013 Report and Recommendation of Magistrate Judge James C. Francis IV, recommending that the Court dismiss plaintiffs' complaints for failure to state a claim (the "Report"). For the reasons that follow, the Court adopts the Report in full as to all plaintiffs.

**I.     Background**

The 13 *pro se* plaintiffs identified above bring similar lawsuits pursuant to 42 U.S.C. § 1983 against the City of New York (the "City"), Correction Commissioner Dora B. Schriro, Mayor Michael Bloomberg, and/or Dr. Jean Richards of Corizon (a correctional healthcare services provider). The plaintiffs, who were or are inmates or detainees in the custody of the New York City Department of Correction in the Anna M. Cross Center ("AMKC") on Rikers Island, allege violations of their Eighth Amendment rights and seek injunctive relief as well as compensatory and punitive damages. They primarily allege that they have not been provided

with proper beds—that is, that the beds are too short, too thin, or otherwise uncomfortable. *See* Report 3–4 (summarizing claims).

The City has moved to dismiss the complaints pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See, e.g.*, No. 12 Civ. 3430, Dkt. 25–27. Only one of the 13 plaintiffs—Kervens Celestin—opposed the motion to dismiss. *See* No. 12 Civ. 5518, Dkt. 25. On March 6, 2013, Judge Francis issued the Report, recommending that the City's motion to dismiss the complaints be granted as to all 13 plaintiffs. The deadline for the parties to file objections to the Report was March 20, 2013. Only one of the plaintiffs— again Celestin—filed objections (albeit after the deadline). *See* No. 12 Civ. 5518, Dkt. 29. Three plaintiffs—Simeon Allicock, Johnnie Harrison, and Chayrmar Brown—filed amended complaints. *See* No. 12 Civ. 6533, Dkt. 23; No. 12 Civ. 6775, Dkt. 22; No. 12 Civ. 7855, Dkt. 22.

## II.     Legal Standard

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE)(KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Where specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). To the extent that the objecting party makes only conclusory or

general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. *See Jones v. Smith*, No. 09 Civ. 6497 (PAE)(GAY), 2012 WL 1592190, at *1 (S.D.N.Y. May 7, 2012) (collecting cases). The Court is mindful that "*pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023(LTS)(JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citing *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)); *see also Vasquez v. Reynolds*, No. 00 Civ. 0862 (RMB)(KNF), 2002 WL 417183, at *5 (S.D.N.Y. Mar. 18, 2002) ("Where the petitioner is *pro se*, leniency is generally accorded." (citation omitted)). Nonetheless, to trigger *de novo* review, even a *pro se* party's objections to a Report and Recommendation must be "specific and clearly aimed at particular findings" in the magistrate judge's report. *Parlin Funds LLC v. Gilliams*, No. 11 Civ. 2534 (ALC)(MHD), 2012 WL 5258984, at *1 (S.D.N.Y. Oct. 23, 2012) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

### III. Discussion

The Report recommends that all 13 plaintiffs' complaints be dismissed, with leave to amend, for failure to state a claim.

#### A. Celestin's Objections and Motion for *Pro Bono* Counsel

##### 1. Objections

Celestin has objected to Judge Francis's Report on several grounds. Most, however, are either legal conclusions or are too conclusory to trigger *de novo* review. Although the Court is mindful that Celestin is proceeding *pro se*, his objections must still be "specific and clearly aimed at particular findings" in the Report. *Parlin Funds LLC* , 2012 WL 5258984, at *1.

3

Celestin mostly merely recapitulates his original claims and does not address any of Judge Francis's findings or conclusions.

However, one objection is substantial: Celestin states that he informed medical staff of "his prior car accident and pre-existing medical condition," which led to a back injury and for which he was receiving medical care. It is precisely this type of pre-existing medical condition that might require the City to provide a special bed to protect against serious damage to his future health. These allegations, however, were not included in his Complaint, and Celestin may not raise new allegations in his objections to the Report. Celestin's allegations in his Complaint merely include "[e]xacerbation of prior injuries" in a list of his injuries. *See* No. 12 Civ. 5518, Dkt. 2, at III. This is too conclusory to state an Eighth Amendment claim for deliberate indifference; more details are necessary to make Celestin's allegations plausible.

To do so, he must allege that "(1) he had a pre-existing medical condition requiring a special bed to protect against serious damage to his future health; (2) he made that medical condition known to the prison officials; (3) he requested a special bed to accommodate such medical condition; and (4) his request was denied by an 'official [who knew] of and disregard[ed] an excessive risk to [the plaintiff's] health or safety.'" *Howard v. City of New York*, No. 12 Civ. 4069 (PAE)(JCF), 2012 WL 7050623, at *9 (S.D.N.Y. Dec. 20, 2012) (quoting *Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir. 2002)), *report and recommendation adopted as modified*, 2013 WL 504164 (S.D.N.Y. Feb. 11, 2013).

Celestin may amend his complaint within 45 days to include sufficient factual detail about his pre-existing back injuries to make out a viable Eighth Amendment claim.

    2.    *Pro Bono* **Counsel**

Celestin has also moved for appointment of *pro bono* counsel.

When evaluating such an application for counsel by a plaintiff who is proceeding *in forma pauperis*, the Court must first determine as a threshold matter whether the position taken by the plaintiff "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). If the plaintiff's position passes this threshold inquiry, the Court must then proceed to consider other factors, including "the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). In considering such requests, district courts must take note of the fact that "[v]olunteer lawyer time is a precious commodity," and therefore applications for appointment of counsel should not be granted "indiscriminately." *Id*. at 173.

There is insufficient information at this time, as the Court has before it only Celestin's original Complaint, objections, and application for counsel, to assess whether the position taken by plaintiff seems likely to be of substance. If Celestin amends his Complaint adequately to allege a deliberate indifference claim under the Eighth Amendment, the Court is likely to be in a better position to determine whether plaintiff's chances of success warrant the appointment of counsel.

Accordingly, plaintiff's application for the appointment of counsel is denied without prejudice to renewal at such time as the existence of a potentially meritorious claim may be demonstrated.

### B. Amended Complaints

Plaintiffs Allicock, Harrison, and Brown have filed amended complaints. The Court has reviewed those complaints; none addresses the problems identified in the Report. None attempts to make out a deliberate indifference claim or otherwise plausibly plead the violation of

plaintiffs' constitutional rights; rather, they simply restate the plaintiffs' original claims, which Judge Francis recommended dismissing. Accordingly, the Court does not accept these amended complaints for filing, and dismisses them *sua sponte*.

These three plaintiffs will have one <u>final</u> opportunity to amend their complaint in response to this Opinion & Order. To make out a viable claim, they must allege facts in sufficient detail to meet the four elements listed above.

### C. Non-Objecting Plaintiffs

Because none of the remaining nine plaintiffs here has submitted objections to the Report, a review for clear error is appropriate as to all other portions of the Report. Careful review of the Report reveals no facial error in its conclusions; the remainder of the Report is therefore adopted in its entirety. Because the Report explicitly states that "[f]ailure to file timely objections will preclude appellate review," Report 7, these plaintiffs' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

As to these nine plaintiffs—Franklin, Roberts, Johnson, Hester, Bobo, Bartrum, Adorno, Santana, and Brewer—the Court emphasizes that in adopting the Report, it is also adopting Judge Francis's recommendation that plaintiffs be granted permission to amend their complaints to state a claim, if the facts so support, of an Eighth Amendment violation. *See* Report 6.

Within 45 days, plaintiffs may file, with the Pro Se Office, an amended complaint that plausibly makes out the elements of such a violation of the Constitution. Plaintiffs are advised that any such complaint, to be viable, must allege the elements of municipal liability or the personal involvement of the individual named defendant(s).

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full.

All 13 plaintiffs' complaints are hereby dismissed with leave to file an amended complaint. Celestin's motion for *pro bono* counsel is denied.

The Clerk of Court is directed to terminate any motion pending in the cases listed above and to close the cases. The cases may be reopened without prejudice if a plaintiff files an amended complaint within 45 days.

Finally, the Clerk of Court is respectfully directed to serve this Opinion and Order on each of the plaintiffs named in the caption at his address of record.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 15, 2013
      New York, New York